## STATE v. SECURITIES OF BREED.

10  491
52  1819

"Errors in fact in the motive and in the law," in signing a bond, must be put at issue by pleas which indicate that this defence is relied on, otherwise the Supreme Court will not take notice of an argument urged on those grounds.

Parties cannot, in the Supreme Court, raise the objection to testimony on the ground that it was secondary, when that reason had not been assigned for its rejection by the District Court.

The securities on a State Tax Collector's bond are, as it was held in the case of *Copeley* v. *Dinkgrave*, each bound to the full amount for which they have obligated themselves.

The payment of interest, at the rate of two per cent. per month after defalcation, is part of the Tax Collector's obligation for which the sureties must respond.

Interest can only be exacted of the securities on a Tax Collector's bond from the time that they were put in default.

APPEAL from the District Court of Union, *R. W. Richardson,* J. *Caldwell,* District Attorney, for the State. *McGuire & Ray,* for the defendants and appellants.

SPOFFORD, J. Most of the objections to the judgment which are urged in the appellants' argument seem to have been waived by the course of their defence in the court below.

The answer was a general denial, a special denial that *Avery Breed* was Collector of State Taxes for the year 1847, or that they were his securities, and a prayer that, if the facts should be found otherwise, judgment might be rendered against each of them for his virile share only.

Under such pleadings the defendants cannot be heard in this court to suggest for the first time that they signed the bond through "error in fact, in the motive, and in law."

The bond was received in evidence without objection. It recites that, "whereas the said *Avery Breed,* Sheriff of the said parish, is, by virtue of his said office Collector of the State Taxes in and for the said parish of Union for the year

1847, now if the said *Avery Breed*, in his said capacity, shall *well and duly collect* the State taxes in and for said parish, and duly pay over and account for the same according to law, then this obligation to be void, otherwise in full force."

The defendants have thus admitted the fact that *Avery Breed* was Sheriff of the parish of Union at the date of the bond.

The Act of the 3d May, 1847, (Session Acts, p. 172,) made it the duty of the Sheriffs of each parish to collect the State taxes therein.

An extract from the tax roll for the parish of Union was offered without any objection on the part of the defendants that it was secondary evidence. It is too late for them to raise such an objection here. That document shows that the amount of the State taxes assessed against the parish for the year 1847, and which the Sheriff undertook to collect and account for, exceeded the amount claimed in the petition.

It devolved on the defendants under the pleadings, after this evidence, to prove either that the Sheriff had fulfilled the condition of the bond by collecting and duly accounting for the taxes claimed, or that the bond they signed was an absolute nullity.

They have not even intimated that the Sheriff did the duty which they acknowledged in the bond to be incumbent on him, and we are not prepared to say that the bond is absolutely null and void. Such an inference does not seem to be fairly deducible from a collation of all the legislative Acts on this subject, and no adjudged case has been cited that favors such a conclusion.

In *Villeré* v. *Armstrong*, 4 N. S., 25, it was held that the sureties on a Sheriff's bond could not set up a defence which he could not; such as that the bond was not legally given, because he had failed to pay up the taxes he had collected the preceding year, and thereby forfeited his right to hold the office of Tax Collector.

The point made with regard to the solidary liability of the defendant has been met in the case of *Copeley* v. *Dinkgrave*, 7 An., 596. Although the securities are not liable for each other, it was held that each was bound for the full amount to which he had obligated himself. Each of the sureties in this case is bound for the amount of the Tax Collector's defalcation, which is less than the sum for which they severally obligated themselves. It would be idle to inquire whether they could be bound beyond the sum of $5000, as that question is not raised by the facts.

The payment of interest at two per cent. per month after defalcation is a part of the Tax Collector's obligation, for which the sureties must respond. *State* v. *Hays*, 7 An., 121.

But it does not distinctly appear when he was in default. There is no judgment against him in the record, and no evidence from the Auditor's office.

Under these circumstances we do not think the interest should be exacted from the securities for a time anterior to the institution of this suit, and the judgment must be amended in that respect.

It is, therefore, ordered that the judgment of the District Court be so amended as to allow interest at two per cent. a month on the principal sum therein awarded against the defendants only from and after the 13th September, 1852, and that in other respects the said judgment be affirmed, without costs in this court.