214 So.2d 129

**DEPOSIT GUARANTY NATIONAL BANK**

**v.**

**William Carl SHIPP and Succession of Carl Shipp, Jr., Mrs. Louise Stevens Shipp, Executrix.**

**No. 49080.**

June 28, 1968.

Rehearing Denied Oct. 9, 1968.

Thompson, Thompson, Sparks & Cudd, Monroe, for defendant-appellant.

E. Rudolph McIntyre, Winnsboro, C. Eugene McRoberts, Jackson, Miss., Cotton & Bolton, Rayville, for appellee-respondent.

FOURNET, Chief Justice.

We granted a writ of certiorari on the application of the Executrix of the Succes-

sion of Carl Shipp, Jr., in order that we might review the judgment of the Court of Appeal for the Second Circuit, 205 So.2d 101, limited, however, to two of the four assignments of error, i. e., number 3 and part 3 of number 4,[1] affirming the judgment of the district court in favor of plaintiff, Deposit Guaranty National Bank, against William Carl Shipp, and Mrs. Louise Stevens Shipp, as Executrix of the Succession of Carl Shipp, Jr., in solido,

"In the full sum of $213,127.00 with interest thereon at the rate of seven (7%) per cent from October 29, 1964, together with an additional sum of ten (10%) per cent upon the aggregate amount of principal and interest due, as attorneys fees," subject to the credits listed.[2]

"In the additional sum of $22,000.00 with interest thereon at the rate of seven (7%) per cent per annum from February 5, 1965, until paid, together with an additional sum of ten (10%) per cent upon the aggregate amount of principal and in-

1. In granting the writ we specifically limited it "to Assignment of Error No. 3 (material alteration) and Assignment of Error No. 4 (as to award of interest and attorney fees). In all other respects, on the facts found by the Court of Appeal, the application is denied." 251 La. 868, 206 So.2d 714.

2. Credits listed in the judgment are as follows:

| | | |
|---|---|---|
| December 21, 1964 | ___ | $ 942.53 |
| January 20, 1965 | ___ | $ 146.48 |
| January 28, 1965 | ___ | $ 3,498.53 |
| February 18, 1965 | ___ | $ 127.46 |
| March 3, 1965 | ___ | $ 1,142.58 |
| March 18, 1965 | ___ | $ 126.75 |
| April 6, 1965 | ___ | $ 1,058.99 |
| April 19, 1965 | ___ | $ 1,297.90 |
| May 19, 1965 | ___ | $ 1,236.01 |
| June 17, 1965 | ___ | $ 1,194.81 |
| July 19, 1965 | ___ | $ 1,318.35 |
| July 19, 1965 | ___ | $ 1,267.36 |
| August 23, 1965 | ___ | $ 1,206.74 |
| September 30, 1965 | ___ | $ 1,180.17 |
| October 18, 1965 | ___ | $ 918.50 |
| December 9, 1965 | ___ | $ 66.99 |
| January 19, 1966 | ___ | $ 77.85 |
| February 14, 1966 | ___ | $ 5,253.33 |
| November 14, 1966 | ___ | $21,000.00 |
| November 15, 1966 | ___ | $ 854.49 |
| February 16, 1967 | ___ | $15,000.00 |

terest due as attorneys fees," subject to the credits listed.[3]

The judgment also ordered the foregoing be made executory and enforceable as a liquidated claim against the Succession of Carl Shipp, Jr., and that the Executrix list the Deposit Guaranty National Bank as a creditor of the Succession in the amount thereof and dismissed the reconventional demand of the Executrix.

■ Counsel for relatrix argues strenuously, both orally and in brief, that despite the special limitation in granting this writ it is our mandatory duty under the express provisions of the Constitution[4] that we review the entire case as on appeal. Undoubtedly, this court is granted the authority to review a case as on appeal when granting a writ of review, but when, as in the case at bar, in granting the writ we have limited the same to certain designated issues that we think merit further consideration and specifically refuse the writ as to all other specifications of error, the judgment is final as to the latter and cannot be reconsidered. See, Brynacker v. Mc-Michael, 251 La. 654, 205 So.2d 433; SFA Acceptance Corp. v. Spain, 250 La. 900, 199 So.2d 916; Gerde v. Simonson Investments, Inc., 250 La. 992, 199 So.2d 923.

Assignment of Error, Number 3 declares, "The majority opinion is in error in holding that the change in the interest rate of the note of February 5, 1965 from 6 to 7% did not constitute a material alteration."

■ In order for the defendant to avail herself of the plea that the changing of the rate of interest in the note would be a material alteration so as to avoid the note, or relieve the accommodation endorser from liability or responsibility thereon, it should have been pleaded as an affirmative defense,[5] which in this case a perusal of the pleadings will readily disclose no such defense was made. In answering the allegations of plaintiff's petition that they were holders in due course of two promissory notes executed by William Carl Shipp and endorsed by Carl Shipp, Jr., one dated October 29, 1964 in the amount of

---

3. Credits listed in the judgment are as follows:

| | | |
|---|---|---|
| March 3, 1965 ___ $111.21 | | |
| April 19, 1965 ___ $201.08 | $8,438.14 | |
| May 19, 1965 ___ $ 79.11 | $5,412.62 | |
| June 17, 1965 ___ $ 45.95 | $ 159.09 | |
| July 19, 1965 ___ $ 49.72 | | |
| October 18, 1965 ___ $141.38 | | |
| December 9, 1965 ___ $ 80.79 | | |
| January 19, 1966 ___ $ 63.71 | | |
| February 14, 1966 ___ $ 40.38 | $5,002.31 | |
| February 23, 1966 ___ $142.59 | | |

4. Art. VII, Sec. 11, La.Const. provides, "It shall be competent for the Supreme Court to require by writ of certiorari, or otherwise, any case to be certified from the Courts of Appeal to it for review, with the same power and authority in the case as if it had been carried directly by appeal to the said court; * * *."

5. See, Code of Civil Procedure, Article 1005; Keller v. Summers, 192 La. 103, 187 So. 69; Agricultural Credit Ass'n v. Iaccuzzo, 167 La. 230, 119 So. 31; State v. Securities of Breed, 10 La.Ann. 491.

$213,127.00 and the other dated February 5, 1965 in the amount of $22,000.00, each bearing interest of seven per cent, defendant denied that the note of October 29, 1964 is admissible since the signature of Carl Shipp, Jr. on the back of the note was not the true and genuine signature of Carl Shipp, Jr., but there is no specific denial that the charge of 7% interest is correct, nor do we find any such issue raised in any of her alternative pleas as will readily be reflected from a reading thereof.[6]

Counsel for relatrix concedes this to be true in oral argument. However, he maintains that the issue was raised when he objected to the introduction of the note when offered into evidence until the signature of Carl Shipp, Jr. had been established.

While the record reflects that this objection was made, it further shows that plaintiff clearly established the genuineness of Carl Shipp, Jr.'s signature on the two notes by the testimony of William Carl Shipp that his father had signed the notes in his presence in order for him to secure additional needed finances; by William D. Mounger testifying one note was signed in his presence and on the other, he had compared the signature of Carl Shipp, Jr. with that on documents he had signed and found it was the same; and by Mr. Jimmie Donnell, Clerk of Court, who testified he

was very familiar with the handwriting of Carl Shipp, Jr. and having examined the signature on the notes was of the opinion it was the same as that on the document he had with Carl Shipp, Jr.'s signature.

Moreover, it is apt to observe that not only was the issue of material alteration not pleaded nor adjudicated by the district court, having been raised for the first time on appeal in the Second Circuit Court of Appeal, the record fails to disclose any evidence on this issue.

Counsel calls our attention to the fact that the Court of Appeal in a per curiam to the denial of the rehearing in an attempt to correctly show that the altered note was not that of October 29, 1964 as stated in the main opinion, again erred by stating the note was that of September 5, 1965 rather than February 5, 1965. Inasmuch as this has no effect on the issues under consideration and our resolution of them, there is no need for us to be concerned with this matter.

Under this assignment of error counsel further argues that "if the judgment is not erroneous in these particulars, then the judgment * * * is erroneous as to said note of February 5, 1965 because this note was payable on demand, and the bank had in its possession its own non-negotiable, non-interest bearing certificates of deposit in the amount of $21,000, as stated, upon

6. After answering the allegations of the eight paragraphs of plaintiff's petition, defendant set forth her alternative pleas in paragraphs nine through thirteen.

which it was paying no interest whatever, and it was the duty of plaintiff as claimed by the executrix in the alternative answer * * * to have applied a portion of that $21,000 to the payment in full of the balance due on this note (Feb. 5, 1965)."

█ There is no merit to this argument as the record clearly shows that it was agreed between the bank and Shipp that from each loan the bank would withhold 10% as "compensating balance" in the form of certificates of deposit which were held as a pledge on this indebtedness to the bank. Mr. Mounger, the bank official who exclusively handled these transactions with Shipp, testified when Shipp's indebtedness totaled $213,000.00 he had $21,000 worth of certificates of deposit and this $21,000 was applied to this indebtedness, in which he is fully corroborated by a mere reference to the list of credits on this note.

In defendant's forth assignment of error counsel makes the following assertion:

"If this court should find that the majority opinion of the Court of Appeal is correct * * * then it is submitted that the judgment of the lower court is affirmed by the majority of the Court of Appeal * * * 'is erroneous insofar as it allows attorneys fees on the whole amount of the original debt without deducting for the payments on account. The attorneys fees should have been allowed only upon the balance due.' "

█ Counsel for plaintiff, both orally and in brief, contends that the words of the judgment do not warrant such a construction, maintaining that the imposition of attorneys' fees upon the "amount of principal and interest due" of necessity means the amount due in principal and interest after credits thereon. However, if subject to the interpretation contended for by counsel for defendant, it was readily conceded there is no intention on the part of the bank to enforce it in that light and counsel for plaintiff submitted a computation imputing the interest and attorneys' fees showing the amount of principal and interest due as $212,154.59 on the note of October 29, 1964 and $3,426.32 on that of February 5, 1965.

For the reasons assigned the judgment of the district court is amended and it is Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiff, Deposit Guaranty National Bank, and against the defendants, William Carl Shipp and Mrs. Louise Stevens Shipp, as Executrix of the Succession of Carl Shipp, Jr., in solido, in the following sums and amounts, to-wit:

In the sum of $213,127.00 with interest thereon at the rate of seven (7%) per cent

per annum, from October 29, 1965, until paid, subject to the following credits:

December 21, 1964 —— $     942.53
January 20, 1965 —— $     146.48
January 28, 1965 —— $ 3,498.53
February 18, 1965 —— $     127.46
March   3, 1965 —— $ 1,142.58
March 18, 1965 —— $     126.75
April   6, 1965 —— $ 1,058.99
April 19, 1965 —— $ 1,297.90
May 19, 1965 —— $ 1,236.01
June 17, 1965 —— $ 1,194.81
July 19, 1965 —— $ 1,318.35
July 19, 1965 —— $ 1,267.36
August 23, 1965 —— $ 1,206.74
September 30, 1965 —— $ 1,180.17
October 18, 1965 —— $     918.50
December   9, 1965 —— $       66.99
January 19, 1966 —— $       77.85
February 14, 1966 —— $ 5,253.33
November 14, 1966 —— $21,000.00
November 15, 1966 —— $     854.49
February 16, 1967 —— $15,000.00

In the additional sum of $22,000.00 with interest thereon at the rate of seven (7%) per cent per annum from February 5, 1965, until paid, subject to the following credits:

March   3, 1965 —— $111.21
April 19, 1965 —— $201.08     $8,438.14
May 19, 1965 —— $ 79.11     $5,412.62
June 17, 1965 —— $ 45.95     $   159.09
July 19, 1965 —— $ 49.72
October 18, 1965 —— $141.38
December   9, 1965 —— $ 80.79
January 19, 1966 —— $ 63.71
February 14, 1966 —— $ 40.38     $5,002.31
February 23, 1966 —— $142.59

plus ten (10%) per cent on the aggregate amount of principal and interest due as attorneys' fees.

And as thus amended, the judgment of the district court is affirmed.

BARNHAM, J., recused.

214 So.2d 133

**STATE of Louisiana**

v.

**William BEER.**

No. 49043.

June 28, 1968.

Rehearing Denied Oct. 9, 1968.

