ELLIS, Judge.
Plaintiff obtained a judgment against defendant, and caused a writ of fieri facias to be issued in an effort to satisfy same. The property to be seized thereunder was defendant’s home.
Defendant applied for an injunction to stop the sale of her property, claiming the homestead exemption from seizure provided by Article XI of the Constitution of 1921. Judgment was rendered pursuant thereto, recognizing her right to a homestead exemption, enjoining any public sale of the property for less than $4000.00, and ordering that, in the event of a sale for more than $4000.00, defendant receive the first $4000.00 of the purchase price, free and clear. The judgment, dated February 4, 1966, was not appealed and became final.
*214 On May 12, 1966, plaintiff obtained a “corrected judgment”, by ex parte motion, which purported to have the judgment conform to the minute entry showing the ruling of the court. The latter judgment makes substantive changes in the first judgment. No appeal was taken from this judgment either.
On April 1, 1966, a petition for a declaratory judgment was filed by plaintiff, asking that the court declare how the proceeds of a sale of the property should be distributed. The petition alleges that the claims to be ranked are the judgment held by plaintiff, the claim of the homestead exemption by defendant, and an outstanding first mortgage with homestead waiver.
Defendant filed a peremptory exception of res judicata to the latter petition, which was referred to the merits by the Court. After a hearing on the merits on June IS, 1966, the matter lay dormant until April 13, 1967, at which time it was assigned for May 25, 1967. The minute entry for May 25 shows that the matter came on for a new trial “ordered by the Court on its own motion”. Judgment pursuant thereto was finally signed on December 21, 1967.
The judgment enjoined the sale of the property for less than $4000.00; ordered that the first mortgagee, not a party to the matter, be paid first out of the proceeds of the sale; ordered that defendant receive the balance remaining, not to exceed $4000.00; and that plaintiff’s claim be paid next. It also overruled the exception of res judicata.
From that judgment, defendant has appealed.
The defendant objects to the failure of the lower court to sustain the exception of res judicata, and further takes the position that the wording of the judgment is ambiguous.
The judgment of February 4, 1966, is the only valid judgment in the record, other -than the judgment appealed from. The “corrected judgment” of May 12, 1966, is null, since the Court had no authority to change the substance of its judgment in the absence of a timely application for a new trial. Code of Civil Procedure, Articles 1951, 1974.
The February 4 judgment was rendered pursuant to a petition by defendant for an injunction. The judgment appealed from was rendered pursuant to a petition by plaintiff for a declaratory judgment ranking the privileged claims against defendant’s property.
Since the relief sought was not the same, the cause of action different, and the parties not in the same quality, the exception of res judicata was properly overruled. Article 2286 of the Civil Code.
After reading the briefs filed by counsel, we find that they are in substantial agreement as to the substantive correctness of the judgment appealed from, insofar as it ranks the claims against defendant’s property. It correctly provides that, out of the proceeds of the sale, the first mortgage, which contains a waiver of the homestead exemption, must be first satisfied. Defendant is entitled to receive the balance of the proceeds, up to $4000.00. Plaintiff’s claim must then be satisfied from the remaining funds, if any.
We notice, however, that plaintiff failed to make the first mortgage holder a party to the declaratory judgment suit. Under the provisions of Articles 1880 and 641 of the Code of Civil Procedure, the first mortgagee is an indispensable party thereto. Humble Oil & Refining Co. v. Jones, 241 La. 661, 130 So.2d 408 (1961).
As much as we dislike further prolonging an already protracted litigation, which involve well settled points of law and concerning which there is no substantial disagreement between the parties, under the above authorities we have no alternative but to reverse the judgment appealed from and remand the case for joinder of the *215 first mortgage holder, as well as any other privileged creditors, and for trial on the merits thereafter. Costs of this appeal are to be shared equally by the parties hereto.
Reversed and remanded.