246 So.2d 841

**PRINGLE–ASSOCIATED MORTGAGE CORPORATION, Plaintiff-Appellant-Relator,**

v.

**Ross E. COX, Defendant-Appellee-Respondent.**

No. 50702.

March 29, 1971.

Rehearing Denied May 3, 1971.

Breazeale, Sachse & Wilson, Victor A. Sachse and Frank P. Simoneaux, Baton Rouge, for plaintiff-appellant-relator.

Wray, Simmons & Robinson, W. P. Wray, Jr., Dale, Owen, Richardson, Taylor & Mathews, Robert C. Taylor, Baton Rouge, for defendant-appellee-respondent.

TATE, Justice.

The narrow question before us is whether the court of appeal correctly amended the trial court judgment as to the principal amount upon which interest is to be calculated.[1]

The court of appeal decision contains a complete summary of the context, circumstances and citation of the extensive litigation involving the construction project out of which this suit arises. 234 So. 2d 855 (La.App. 1st Cir. 1970). For present purposes, it is sufficient to state the relevant facts as these:

The plaintiff ("Pringle") had foreclosed its mortgage upon an uncompleted apartment building. It sold the property (via an intervening party) to the defendant, Cox, subject to a 1966 letter agreement between the parties. Pertinently, by it Pringle agreed to rescind the sale at Cox's request, if certain litigation affecting the title was not concluded within

1. We so limited our review when we granted certiorari. 256 La. 614, 237 So.2d 397 (1970). The court of appeal judgment is therefore final as to all other matters in contest. Deposit Guaranty National Bank v. Shipp, 252 La. 745, 214 So.2d 129 (1968).

a certain period, and to restore "the status quo".

By the present litigation, Pringle and Cox seek judicial declaration and enforcement of the rights between them resulting from this 1966 letter agreement.

Cox exercised his right to rescind the sale and to demand restoration of the status quo. By the terms of the 1966 letter agreement, this included reimbursement of all amounts expended by him to buy the improvements and to complete the construction, together with 7% interest upon them and other sums invested in the project.

The trial court found, and the court of appeal affirmed, that Cox was entitled to a total reimbursement of a principal amount of $476,036.21, in order to restore him to the pre-agreement status quo. This total was based upon disbursements as of August 4th, 1967, the effective date of Cox's demand for restoration of the status quo.

This amount due was subject to a credit of $247,000 advanced by Pringle to Cox as a construction loan. This loan was evidenced by a note of $250,000 bearing 7% interest, secured by a pledge of a $300,000 collateral mortgage note executed by Cox.

Pringle was to receive this $247,000 credit upon delivering to Cox these notes duly cancelled and so marked by Pringle.

The essential issue is whether this amount of $247,000 should be included in the principal amount upon which interest is due by Pringle; or whether instead interest should be awarded to Cox only upon the net amount due him after deduction of this credit.

■ The trial court accepted Pringle's persuasive argument that Cox should not be allowed interest upon the $247,000, since this amount had been loaned to him by Pringle.[2] The court of appeal amended the judgment so as to award judgment upon the full principal amount ($476,-036.21), thus restoring an earlier (see Footnote 2) trial award to such effect.

■ The court of appeal correctly amended the judgment to award interest upon the full amount due, including the $247,000 credit to which Pringle is entitled (if and when it tenders, marked paid, Cox's notes received by Pringle for the advance of this sum).

Under the now-final holdings of the previous courts, Cox was entitled to be restored to the "status quo" as of August

---

2. The trial court did so by ex parte amendment June 24, 1969 of an earlier (June 18) judgment rendered by it. The court of appeal correctly pointed out that this was a substantive change. It was therefore not subject to amendment as an error of calculation under La. CCP Art. 1951, after the judgment became final in the trial court through expiration of the delay to apply for a new trial.

4, 1967 and to receive interest therefrom on all sums expended by Cox and reimbursable to him by Pringle as of that date. Under the 1966 letter agreement, Cox was entitled to be reimbursed for the $247,000 construction loan, whether said amount was loaned to him by Pringle or by a third party, as well as for all interest upon this construction loan.

■ In claiming credit for the $247,000 to reduce the principal amount upon which interest is due, Pringle is essentially claiming the benefits of "compensation", Civil Code Articles 2207–2216, even though it did not affirmatively plead such defense, see La.C.C.P. Arts. 1005, 1062. Compensation takes place by operation of law, so that mutually owed debts extinguish one another. However, both debts must be equally liquidated and demandable, Civil Code Article 2209; nor can compensation take place when the credit sought is subject to a valid claim against it by a third person, Civil Code Article 2215.

In the present instance, Cox has signed a $250,000 note, which the records shows to have been endorsed by Pringle without recourse. Exhibit P–4. This was secured by a $300,000 bearer collateral mortgage note executed by Cox. Pringle had stated to Cox that the note(s) would be pledged with one of its banks as collateral for the loan to be obtained by Pringle for Cox. Exhibit D–9.

Thus, so far as the record shows, Pringle was not the holder of Cox's note(s), either on August 4, 1967 or at the time of the trial court judgment below. Pringle had never tendered back to Cox the interest-bearing note(s) signed by him in return for the $247,000 advanced to him as a construction loan. If, for instance, Pringle does not return to Cox, as paid, the note(s) signed by him, he is still liable to their holder for their balance and for 7% interest upon such note(s).[3]

■ Thus, Pringle is not entitled to claim compensation for Cox's note(s), since they had been endorsed or pledged by Pringle to their present holder. Not Pringle, but such holder or pledgee of these notes is entitled to enforce them against Cox. La.R.S. 7:51; Civil Code Articles 2215, 3170; Bank of St. John v. Hibernia Bank & Trust Co., 189 La. 1, 179 So. 15. The debt owed by Cox *to such third person*—i. e., the holder of the negotiable note(s)—cannot be used as compensation against the debt owed by Pringle to Cox; for compensation takes

---

3. Cox paid the 7% interest upon this note up through August 4, 1967. This interest is included within the principal amount which Pringle must reimburse Cox to restore him to the status quo as of August 4, 1967, per the letter agreement (see especially clause 6 d). Under the agreement, interest at 7% per annum is due (upon the amount Pringle must reimburse Cox to restore the status quo) as of August 4, 1967, the date Cox was entitled to restoration of the status quo.

place only when "two persons are indebted *to each other*", Civil Code Article 2207. Edwards v. Max Thieme Chevrolet Co., 191 So. 569 (La.App. 2d Cir. 1939), certiorari denied.

Accordingly, we affirm the court of appeal holding that Pringle is liable for interest upon the full principal amount awarded ($476,036.21). Pringle is to pay all costs of these proceedings.

Affirmed.