ELLIS; Judge:
This is a suit by Guaranty Bank & Trust Company for the balance due on a promissory note dated March 15, 1968, in the amount of $20,000.00, payable 60 days after date with seven per cent interest. The note also provided for 25% attorney’s fee. The note was executed by Quad Drilling Corp. (by W. J. Snead, Sec.) and M. H. Snead, Sr., and endorsed by M. H. Snead Sr., W. J. Snead, and T. L. Mydland. Defendants herein are Quad, the Messrs. Snead, and Mrs. Patricia Gay Mydland and Donald R. Chapman, testamentary executors of the Succession of Tennis L. Myd-land, who died shortly after he endorsed the note.
On May 9, 1969, judgment by default was rendered in favor of plaintiff and against Quad, M. H. Snead, Sr., and W. J. Snead, with all rights reserved against the executors. Thereafter, answer was filed on their behalf, alleging that $20,835.98 was deposited in the registry of the court on December 31, 1968, for principal and interest due, but denying any liability for the attorney’s fee. In addition, Quad, W. J. Snead and M. H. Snead, Sr. were made *262 third party defendants, and judgment asked for against whatever judgment might be rendered against the succession.
Trial on the merits was held on May 17, 1971, and, at the conclusion thereof, the judge stated that the only question before the court was that of liability for the attorney’s fee, “the other part of the obligation having been recognized and paid.” He then rendered judgment against the executors for the attorney’s fee, and, on the third party demand, in favor of the executors and against the third party defendants for the full amount theretofore paid plus the attorney’s fee. On May 25, 1971, he signed a judgment prepared by plaintiff’s attorney, which on the main demand, in addition to the attorney’s fee, awarded seven per cent interest on the principal from December 31, 1968, until February 20, 1970. On the third party demand, the judgment included the above interest, in addition to all other amounts paid or owing by the succession.
It does not appear from the record that any notice of the foregoing judgment was sent to defendants, although a request for notice under Article 1913 and 1914 of the Code of Civil Procedure was filed by their counsel on December 5, 1969.
On August 2, 1971, a “Rule to Amend Judgment” was filed on behalf of the executors, complaining of the provisions relative to the additional interest, and, apparently, of the judgment on the third party demand. After a hearing, judgment was rendered on December 10, 1971, denying the motion to amend. It is from this judgment that the defendant executors have appealed.
They take the position that under Article 1951 of the Code of Civil Procedure, the trial judge had the right to change the judgment which he signed to conform to his ruling made at the time of the trial. However, the suggested judgment which they attached to the motion was in favor of the Bank’s attorneys, who are not parties to the suit, and incorporates a reference to interest paid which was neither alleged nor proved at the trial, and omits any reference to their own third party demand.
Article 1951 of the Code of Civil Procedure reads as follows:
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
“1. To alter the phraseology of the judgr ment, but not the substance; or
“2. To correct errors of calculation.”
The changes sought by the defendants herein are substantive rather than matters of form. Such changes can be made by a trial judge only pursuant to a timely motion for a new trial or rehearing, neither of which were requested in this case. The trial judge was therefore without authority to amend the judgment in the manner proposed by defendants, and properly dismissed the motion.
Defendants’ argument that they cannot appeal from a faulty judgment is without merit. The whole point of an appeal is to give litigants the opportunity to remedy the apparent transgressions of the trial court.
The judgment appealed from is affirmed, at defendants’ cost.
Affirmed.