ON THE MERITS
This matter has been before us on one previous occasion, in a different procedural posture, but involving the same basic circumstances. See Guaranty Bank and Trust Company v. Quad Drilling Corporation, 268 So.2d 261 (La.App. 1 Cir. 1972), writs refused La., 270 So.2d 872 (1973), to which reference is made for a recitation of the background of this case.
The ill practice complained of herein arose out of the circumstances surrounding the drafting and execution of the judgment. According to the minutes, at the conclusion of the trial on May 17, 1971, the district judge directed Iddo Pittman, counsel for the bank, to draw up the judgment. He did so, and on May 18, 1971, forwarded the original and two copies thereof to the Clerk of Court, requesting that she present it to the judge for his consideration. Copies of the letter, accompanied by copies of the judgment, were forwarded to the three attorneys representing the two co-executors, and their comments invited. On May 25, 1971, the judge signed the judgment. No notice of the signing of the judgment was sent out. Counsel for the co-executors made no suggestions relative to the judgment until May 27, 1971, and did not learn of the signing on May 25 until about July 1, 1971. Counsel were then of the opinion that they could no longer take a suspensive appeal.
They were further of the opinion that the judgment prepared by Mr. Pittman and signed by the trial judge did not conform to the judgment rendered by the judge, which contention seems to be borne out by the record. In addition, they contend that the trial judge had directed Mr. Pittman to prepare the judgment, but had said he would not sign it until all counsel had approved it. The ill practice complained of is that Mr. Pittman prepared an improper judgment, and failed to submit it for their approval.
The transcript and minutes do not reflect anything except that Mr. Pittman was directed to prepare the judgment. They disclose no instruction to submit it to opposing counsel for approval. The trial judge, who testified as a witness herein, had no recollection of giving such an instruction, and testified that it was his practice to have the successful attorney prepare the judgment. Mr. Pittman testified that no such instruction was issued.
The trial judge found no ill practice and refused to annul the judgment. This holding must of necessity have been based on a finding that there was no instruction issued by the trial court to have the judgment approved before he would sign it. We find no manifest error in this factual conclusion.
The judgment appealed from is therefore affirmed, at appellant’s cost.
Affirmed.