309 So.2d 760 (1975)
James L. FLACK and City Bank & Trust Company, Plaintiffs-Appellees,
v.
FEDERAL CROP INSURANCE CORPORATION, Defendant,
All-State Credit Plan, Inc., Intervenor-Appellant.
No. 4934.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
Whitehead & McCoy by Charles R. Whitehead, Jr., Natchitoches, for defendant-appellant.
Watson, Murchison, Crews & Arthur by R. Raymond Arthur, Natchitoches, Robert Shamwell, Asst. U. S. Atty., Shreveport, for plaintiffs-appellees.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
This appeal involves the authority vel non of the trial judge to amend an earlier rendered judgment.
*761 This proceeding began as a suit (#38,804) filed in the Tenth Judicial District Court on October 19, 1972, by James L. Flack and City Bank & Trust Company of Natchitoches, Louisiana (City Bank), for benefits allegedly due under an insurance contract issued to Flack by Federal Crop Insurance Corporation (FCIC). Previous to filing suit, Flack assigned to City Bank all benefits recoverable under the crop insurance contract (in addition to executing a crop lien and chattel mortgage) in order to secure funds advanced by the bank. A judgment was subsequently rendered on April 18, 1974, awarding Flack and City Bank the sum of $12,452.50, plus interest, less $2,961.49 due the defendant-insurer as premiums. FCIC subsequently filed a motion for a new trial, the same being later denied. Neither Flack nor City Bank filed motions for a new trial, nor was an appeal of any kind perfected from this judgment.
While the foregoing events were taking place, the appellant herein, All-State Credit Plan, Inc. (All-State), had obtained a money judgment based on a promissory note on December 18, 1973, for $2,961.49, against James L. Flack in suit #39,568, which was also filed in the Tenth Judicial District Court. No appeals were taken in that case. Immediately following the signing of the aforementioned judgment in suit #38,804 on April 18, 1974, All-State sought and obtained a writ of fieri facias directing the Sheriff of Natchitoches Parish to seize all of the interest of James L. Flack in the judgment in suit #38,804 and have it sold at a sheriff's sale. Notice of the seizure was served upon Flack, City Bank, and FCIC.
Subsequently, on May 3rd, Flack and City Bank filed (in suit #38,804) a motion to dismiss the aforementioned seizure. A hearing thereon was set for May 21st. On this latter date All-State filed a dilatory exception in the same suit, pleading improper use of summary procedure by Flack and City Bank to dissolve the seizure. The exception was apparently sustained at the hearing on May 21st.
Thereafter, although the exact date is uncertain, Flack and City Bank filed (in suit #38,804) a motion to amend the trial court's judgment handed down on April 18, 1974, so as to include recognition of the insurance policy assignment from Flack to City Bank. On May 28, 1974, the trial judge ordered a hearing, set for July 9th, to show cause why the insurance policy issued to Flack should not be ranked superior or in preference to the judicial mortgage held by All-State.
On May 29, 1974, All-State acquired all of Flack's interest in the April 18, 1974, judgment at a judicial sale, pursuant to suit #39,568.
Subsequently All-State filed an exception of no right or cause of action in suit #38,804, alleging that the insurance policy assignment should not be ranked ahead of All-State's judicial mortgage and that all rights possessed by Flack or City Bank should be relegated to the proceeds of the aforementioned sheriff's sale.
On July 9th a hearing was held and the court, inter alia, ordered a second hearing to be held on September 19, 1974, on the question of amending the April 18, 1974, judgment, to determine the exact amount due City Bank by Flack as of the date this judgment was signed, and to establish the validity of the seizure and purported sale of the interest of Flack in the April 18, 1974, judgment.
A second judgment in this matter was rendered on October 15, 1974, wherein the trial judge essentially amended his original April 18, 1974, judgment and held that as of that date (April 18) Flack owed the bank a sum in excess of the total judgment, and that by reason of his assignment, all the funds would of necessity be received by City Bank. The demands of All-State, as seizing creditor, were denied.
All-State appeals said judgment specifying the following assignments of error:
(1) That the trial judge erred in reopening this case to amend in substance the judgment signed by him on April 18, 1974, *762 after all delays for a new trial and appeal had passed.
(2) That the trial judge erred in holding [1] that All-State had seized a judgment which was not final and did not follow the procedure necessary to enforce the rights of a judgment creditor.
(3) That the trial judge erred in holding the assignment by Flack to City Bank to be valid.
In regard to the first issue presented, there is no doubt but that the judgment signed on April 18, 1974, in suit #38,804 was a final judgment. LSA-C.C.P. Arts. 1841, 1911, 1919.
Accordingly, we turn to Article 1951 of the Code of Civil Procedure which reads as follows:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
The narrow question we must now decide, therefore, is whether the trial judge's amendments to the April 18, 1974, judgment were an "alteration of phraseology", and "error in calculation", or a "change in substance". We opine that the changes or amendments made therein were clearly substantive rather than matters of form. Such changes can be made by a trial judge only pursuant to a timely motion for a new trial which was not requested nor held in this case. LSA-C.C.P. Art. 1974, Pringle-Associated Mortgage Corp. v. Cox, 258 La. 499, 246 So.2d 841 (1971); Guaranty Bank and Trust Co. v. Quad Drilling Corp., 268 So.2d 261 (La.App. 1st Cir. 1972), writ refused 270 So.2d 872 (La.1973); Roddy v. Independent Oil & Chemical Workers Union, 233 So.2d 714 (La.App. 4th Cir. 1970); Consolidated Credit Corp. of Baton Rouge v. Forkner, 219 So.2d 213 (La.App. 1st Cir. 1969); Houston Oil Field Material Co. v. Pioneer Oil and Gas Co., 211 So.2d 681 (La.App. 4th Cir. 1968); 236 So.2d 536 (La.App. 4th Cir. 1970); Pond v. Campbell, 198 So.2d 700 (La.App. 1st Cir. 1967), affirmed 251 La. 921, 207 So.2d 535 (1967); O'Niell v. Sonnier, 195 So.2d 724 (La.App. 1st Cir. 1967).
Neither can we on appeal alter the substance of the judgment, which is now final since the delays for appeal have run. LSA-C.C.P. Art. 2087. Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., 236 So.2d 536 (La.App. 4th Cir. 1970).
Although it is evident from the record that the trial judge was attempting to "do justice" and eliminate another suit, under the foregoing cited provisions of the Code of Civil Procedure and the Jurisprudence, he was nevertheless without authority to amend the judgment and the October 15, 1974, judgment was null. The judgment of April 18, 1974, is the only valid judgment in suit #38,804.
We express no opinion on the other assignments of error raised by the appellant, inasmuch as by reason of our holding herein, the trial judge in suit #38,804 was without authority to pass upon these particular questions raised.
Neither is this decision intended to preclude further action by any party herein on any rights they may have resulting from the judgments in suits #38,804 and #39,568, or otherwise, such as, but not limited to, priority, ranking, and status of claims.
For the above and foregoing reasons the judgment of the trial court rendered on October 15, 1974, amending the final judgment handed down on April 18, 1974, is reversed and set aside. All costs of this appeal are assessed to plaintiffs-appellees.
Reversed and rendered.
NOTES
[1] These rulings are found in a written opinion by the trial judge following the aforementioned July 9th hearing.