EDWARDS, Judge.
On March 16, 1977, plaintiffs filed these suits against the numerous defendants, as owners in indivisión of the respective properties in question, to effect a partition by licitation of the properties. Personal service of process was made on each defendant, with the exceptions of Pierre Vegas and Mona Rae Cheramie Chouest who received domiciliary service. Three defendants, Mónita Barrios Guidry, Abigail Chera-mie Davenport and Ella Cheramie Archer (individually and on behalf of the Estate of Loretta Cheramie), filed answers. The remaining defendants did not answer, and preliminary defaults were entered against them.
On May 31, 1977, these consolidated cases were tried on the merits and on confirmation of default. That same day, without taking the matter under advisement, the trial court rendered judgment ordering that the properties be partitioned by licitation and providing inter alia.:
“That the fee of Maurice J. Serpas be and the same is hereby fixed at the sum of five (5) per cent of the gross amount of the sale attributable to the interests of the plaintiffs and the unrepresented defendants, which fee is to be charged to the mass as costs except that the fee shall not be charged to the shares of Mónita Barrios Guidry, Ella C. Archer, individually and as Executrix of the Succession of Loretta Cheramie, and Abigail Cheramie Davenport.”
Notice of judgment was mailed, on June 3, 1977, to all attorneys of record, however, notice was not sent to the unrepresented defendants. No application for a new trial was filed.
On June 30,1977, plaintiffs filed a motion to amend the judgment to exclude from the partition sale a portion of the properties which had been expropriated by the State. Thereafter, the previously unrepresented defendants employed counsel, who filed motions to refix the attorney’s fees awarded in the judgment. On July 8, 1977, the trial court rendered an “amended” judgment, deleting the expropriated properties. The trial court denied defendants’ motion to refix attorney’s fees by judgment rendered on October 17, 1977. A judgment of homolo-gation was rendered on November 18, 1977.
Ten of the defendants obtained an order of appeal on November 22, 1977. Appeal bonds were filed on November 23, 1977.
The defendants state in their petition for appeal that they “desire to appeal suspen-sively from the final judgment rendered in the above entitled and numbered cause.” However, they do not indicate which “final” judgment they are appealing. There are *539 two appealable judgments in this matter: the judgment of partition and the judgment of homologation. An examination of the brief filed in this court by the defendants reveals that the sole issue in contest is the matter of plaintiffs’ attorney’s fees, which were taxed as costs pursuant to LSA--C.C.P. art. 4613 in the judgment of partition.
However, the only judgment of partition which is valid is the one rendered on May 31, 1977; the amended judgments are invalid for the reason that they constitute substantive alterations in the trial court. Such changes can be made by a trial court only pursuant to a timely motion for a new trial. Flack v. Federal Crop Insurance Corporation, 309 So.2d 760 (La.App.3rd Cir. 1975); Houston Oil Field Material Co., Inc. v. Pioneer Oil & Gas Co., Inc., 236 So.2d 536 (La.App. 4th Cir. 1970), writ denied, 256 La. 866, 239 So.2d 363 (1970); Consolidated Credit Corporation of Baton Rouge, Inc. Forkner, 219 So.2d 213 (La.App. 1st Cir. 1969); LSA-C.C.P. art. 1951. The delay for appealing this judgment with respect to all the defendants except Pierre Vegas and Mona Rae Cheramie Chouest, who were entitled to notice of judgment under LSA -C. C.P. art. 1913, commenced on the following day and expired on August 8, 1977. LSA - C.C.P. arts. 1974 and 2087. The judgment taxing plaintiffs’ attorney’s fees as costs was final and determinative after that date. Consequently, the appeal taken by these defendants in November, 1977, was untimely and will be dismissed.
Regarding Pierre Vegas and Mona Rae Cheramie Chouest, who were entitled to notice of judgment and who were not afforded notice, the delay for appealing has not commenced and has not expired. LSA - C.C.P. arts. 1913, 1974 and 2087. Their appeal is therefore timely.
Nonetheless, we find that the appeal of Mona Rae Cheramie Chouest has not been properly perfected, as she has not obtained an order of appeal. LSA- C.C.P. art. 2121. There being no order of appeal contained in the record we must dismiss the purported appeal. Davis v. Funderburk, 274 So.2d 781 (La.App. 3rd Cir. 1973).
The only appeal properly before this court is that of Pierre Vegas.