545 So.2d 1314 (1989)
Barbara Foisy LOVELL
v.
Archie James LOVELL.
No. CA 88 0835.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
*1315 J.P. Morella, Patterson, for Barbara Foisy Lovell, appellant.
Allen A. McElroy, Jr., Berwick, for Archie James Lovell, appellee.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
FOIL, Judge.
This appeal by Barbara Foisy Lovell arises from a judgment rendered pursuant to a motion and order for amendment to judgment. The motion was filed by her ex-husband, Archie James Lovell, seeking to amend two prior judgments of partition to provide for legal interest from the date of judicial demand on all sums owed him as reimbursement. We reverse and vacate the amendment to the prior judgments.

FACTS
Mr. and Mrs. Lovell were married on March 4, 1961. A petition for divorce was filed on March 10, 1981, and a judgment of divorce was signed on October 12, 1981. On July 15, 1981, Mr. Lovell filed a petition to partition the community of acquets and gains existing between the parties. Both parties filed sworn detailed descriptive lists of community assets and liabilities. After a trial on the merits, judgment partitioning the community of acquets and gains was rendered on November 27, 1984. Both parties appealed from that judgment. In Lovell v. Lovell, 490 So.2d 330 (La.App. 1st Cir.), writ denied, 495 So.2d 302 (La.1986), this Court reversed the judgment of the trial court and remanded the case for a revision of the partition of the community. Subsequent to a hearing on remand, a revised judgment of partition was signed on October 8, 1987. Both judgments provided that Mr. Lovell was entitled to reimbursement by the community for his payment of community debts with separate funds.
On January 29, 1988, after both judgments of partition had become final, Mr. Lovell filed a motion and order for amendment to the judgment, seeking to amend the judgments to allow legal interest on the amounts due as reimbursement from the date of original judicial demand. After a contradictory hearing, the trial court rendered judgment on March 11, 1988, in favor of Mr. Lovell. Both prior judgments were thereby amended to provide that legal interest at the rate of twelve (12%) percent per annum is owed to Mr. Lovell by the community on all sums previously adjudged to be owed in reimbursement of community obligations paid by Mr. Lovell with his separate funds. The judgment further ordered that said legal interest is to be computed from date of judicial demand (which was established as August 16, 1983) on all amounts owed in reimbursement as of that date, and after that date, from the date each payment is made by Mr. Lovell which attributes to the reduction of principal of community debts.
It is from this judgment of March 11, 1988, that Mrs. Lovell brings the instant appeal. She urges four assignments of error; however, since we find merit in the first, we pretermit discussion of the remaining assigned errors.

AMENDMENT OF JUDGMENT
Mrs. Lovell claims the trial court erred in amending two final judgments to allow for non-tort legal interest. She argues this constitutes an alteration of the substance of the judgments in violation of La.Code Civ.P. art. 1951. We agree.
La.Code Civ.P. art. 1951 authorizes the trial court to modify a final judgment under certain circumstances. The article provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
An alteration in the judgment which does not affect the substance is one that neither takes anything away from nor adds anything to the original judgment. An amendment which changes the amount due constitutes an alteration of the judgment's substance and not a correction of errors of calculation. Texas Bank of Beaumont v. *1316 Bozorg, 496 So.2d 1215, 1217 (La.App. 5th Cir.1986). In Pringle-Associated Mortgage Corporation v. Cox, 234 So.2d 854, 857 (La.App. 1st Cir.1970), aff'd, 258 La. 499, 246 So.2d 841 (1971), this Court held an amendment in the way in which interest is to be computed is a substantive change, not permitted by article 1951. In the instant case, the amendment adds a provision for legal interest to two prior final judgments. Clearly, under the above jurisprudence, this is a substantive change prohibited by article 1951 which renders the amendment to the judgments invalid.
With the exception of judgments rendered in tort actions, in Louisiana interest is never due on a judgment unless the judgment so provides. La.Code Civ.P. art. 1921; La.R.S. 13:4203; Davis v. LeBlanc, 149 So.2d 252, 253 (La.App. 3d Cir.1963). While Mr. Lovell may have been entitled to receive interest upon the sums owed him as reimbursement pursuant to a partition judgment[1], he did not pray for said interest and the judgments he seeks to amend are now final, since the delays have expired in which Mr. Lovell could have appealed and secured a correction of the judgments in this regard. See Pringle-Associated Mortgage Corporation v. Cox, 258 La. 499, 246 So.2d 841, 842 n. 2 (1971); Williams v. Williams, 431 So.2d 780, 782 (La.App. 4th Cir.1983); Davis v. LeBlanc, supra at 253-254.
Accordingly, the trial court's judgment of March 11, 1988, is hereby reversed and set aside, and the judgments of November 27, 1984, and October 8, 1987, are reinstated as they were prior to amendment. Costs of this appeal are assessed to appellee, Archie James Lovell.
REVERSED AND RENDERED
NOTES
[1] See former La.Civ.Code art. 1938 (now part of La.Civ.Code art. 2000); Mara v. Mara, 513 So.2d 1220, 1225 (La.App. 4th Cir.1987), writ denied, 517 So.2d 813 (La.1988); Fouchi v. Fouchi, 487 So.2d 496, 500 (La.App. 5th Cir.), writ denied, 493 So.2d 636 (La.1986); Hodson v. Hodson, 292 So.2d 831, 838 (La.App. 2d Cir.), writ denied, 295 So.2d 177 (La.1974).