580 So.2d 551 (1991)
Betty Raborn CREEL
v.
BOGALUSA COMMUNITY MEDICAL CENTER.
No. CA 90 0135.
Court of Appeal of Louisiana, First Circuit.
May 16, 1991.
Clayton S. Knight, Franklinton, for plaintiff-appellee.
Jeffrey C. Napolitano, New Orleans, for defendant-appellant.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
GONZALES, Judge.
Plaintiff, Betty Raborn Creel, instituted a suit for worker's compensation benefits in connection with injuries she sustained on or around March 2, 1979 while she was in the employment of Bogalusa Community Medical Center. A trial was held on this matter on October 30, 1980 before Judge Thomas W, Tanner. Written reasons for judgment were given dated July 9, 1981. The reasons given by Judge Tanner stated that Mrs. Creel was disabled and "entitled to compensation for a permanent disability until she is able to return to work." However, the judgment itself, signed by Judge Tanner on July 17, 1981, did not specify the type of disability benefit which was awarded under the worker's compensation statutes.
Subsequently, Judge Tanner signed an amended judgment on November 30, 1981. The amended judgment is identical to the original judgment, except that the first paragraph of the amended judgment was amended to clarify the type of disability benefit awarded.
The amended judgment states:
It is ordered, adjudged and decreed that there be judgment rendered herein in favor of plaintiff, Betty Raborn Creel, entitling her to compensation benefits from March 18, 1980 in the amount of One Hundred Seven and 27/100 ($107.27) Dollars per week, for each week she is unable to work up to a maximum of 450 *552 weeks all in accordance with Louisiana R.S. 23:1221(3).
Aetna Insurance Company paid the full amount of benefits due under 1221(3) for a period of four hundred and fifty (450) weeks and then terminated benefits. A motion was filed on behalf of Mrs. Creel seeking a judgment for benefits due and payable under the July 17, 1981 judgment together with interest and attorney's fees. In response, defendant filed a petition for declaratory judgment, or, in the alternative, a petition for modification of judgment. The defendants asserted that the judgment rendered July 17, 1981 awarded permanent partial disability benefits and that Aetna Insurance Company had pais Creel the full 450 weeks owed under the judgment.
After a hearing on the rule, Judge Fitzsimmons signed a judgment on June 28, 1989, which stated:
It is ordered, adjudged and decreed, that the previous judgments rendered herein specifically the judgments of July 9, 1981 and November 30, 1981 be and are hereby declared to be judgments contained under the provisions of La.R.S. 23:1221.2 and accordingly, the plaintiff, Betty Raborn Creel, is determined as having sustained permanent total disability.
It is from this judgment that the defendants are appealing.
Defendants make two assignments of error:
1. Judge Brady Fitzsimmons erred in holding that Judge Thomas Tanner's July 17, 1981 judgment and November 30, 1981 amended judgment awarded permanent total disability benefits when the amended judgment specifically stated that partial disability benefits were awarded.
2. The trial court erred in modifying the original judgment to award permanent total disability in the absence of any evidence to justify a modification.
Louisiana Code of Civil Procedure article 1951 provides for amending a judgment. It states:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Jones v. Gillen, 564 So.2d 1274 (La.App. 5th Cir.), writs denied, 568 So.2d 1080, 1081 (La.1990). Substantive amendments to judgment can be made only by timely application for new trial, by action for nullity, or by timely appeal. Hurst v. Ricard, 558 So.2d 1269 (La.App. 1st Cir.), writ denied, 559 So.2d 1378 (La.1990). An amendment which alters the substance of a judgment and is made without granting a new trial has been held to be invalid and not within the authority granted by La.C.C.P. art. 1951, Pringle Associated Mortgage Corp. v. Cox, 234 So.2d 854 (La.App. 1st Cir. 1970), affirmed 258 La. 499, 246 So.2d 841 (1971); Ernst v. Bassett, 521 So.2d 414 (La.App. 5th Cir.1988).
The judgment signed by Judge Fitzsimmons which declared plaintiff to be permanently totally disabled was in error. It altered not merely the phraseology of the first judgment, but its substance. Therefore, the judgment of June 28, 1989, which changed the substance of the previous judgment in this case is annulled. The amended judgment of November 30, 1981, which awarded permanent partial disability benefits under La.R.S. 23:1221(3), is reinstated. Creel is cast for all costs of these proceedings.
JUDGMENT OF JUNE 28, 1989 RVERSED; JUDGMENT OF NOVEMBER 30, 1981 REINSTATED.