624 So.2d 28 (1993)
Frankie STEVENSON, Plaintiff-Appellant,
v.
STATE FARM, Defendant-Appellee.
No. 25113-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
John Milkovich, Carola Milkovich, Shreveport, for plaintiff-appellant.
Craig O. Marcotte, Shreveport, for defendant-appellee.
*29 Before SEXTON, LINDSAY and STEWART, JJ.
STEWART, Judge.
Frankie Stevenson appeals an order of the trial court denying her motion for appeal. The trial court ruled that the motion for appeal was untimely. For the following reasons, we affirm the trial court's ruling.

FACTS AND PROCEDURAL HISTORY
Frankie Stevenson owned a car insured by State Farm Insurance Company ("State Farm"). The car sustained damages in an accident totalling $1,250. State Farm initially refused to pay for the repairs then it relented and paid $535. Stevenson sued State Farm in Shreveport City Court for the remaining costs of the repairs, statutory penalties, and attorney's fees. The trial court rendered a judgment in favor of Stevenson for an additional $384 on October 12, 1992. The judgment did not mention judicial interest. Stevenson filed a motion to amend the judgment on November 5, 1992. The trial court rendered an amended judgment adding judicial interest on November 6, 1992.
Stevenson filed a motion for appeal on November 12, 1992. She sought to appeal what she believed to be an inadequate amount of damages. This motion was denied by the trial court, because it believed that the amended judgment related back to the original judgment and therefore the ten-day delay for an appeal had run. See LSC.C.P. Art. 5002 A. During the hearing on the motion, Stevenson's attorney admitted that he had received the judgment within a couple of days of its issuance and that ten days had elapsed between his receipt of the original judgment and the filing of the motion for appeal. Stevenson appeals the order denying her motion for appeal.

DISCUSSION

Amendment of Judgments
Stevenson argues that her motion for appeal was timely filed because it was filed on November 12, 1992, well within ten days of the entry of the amended judgment on November 6, 1992. It is from that judgment she sought to appeal the trial court's monetary award of $384. We must first examine the nature of the amended judgment.
LSA-C.C.P. Art. 1951 provides for the amendment of final judgments in the trial court. The article allows an amendment at any time to: (1) alter the phraseology, but not the substance of the judgment; or (2) correct errors of calculation.
Pursuant to Art. 1951, a final judgment may be amended by the trial court where the amendment takes nothing from or adds nothing to the original judgment. However, as a general rule, a final judgment is not subject to substantive amendment on the motion of the trial judge or of any party. In such event, the proper recourse is a timely application for new trial or a timely appeal. Villaume v. Villaume, 363 So.2d 448 (La. 1978); Gulfco, Inv. Group, Inc. v. Jones, 577 So.2d 775 (La.App. 2d Cir.1991); Brown v. Brown, 550 So.2d 815 (La.App. 2d Cir.1989); Edwin M. Jones Oil Company, Inc. v. Cobb, 469 So.2d 357 (La.App. 2d Cir.1985).
In Lovell v. Lovell, 545 So.2d 1314 (La.App. 1st Cir.1989), the trial court had amended a judgment to add judicial interest. The appellate court held that the addition of interest to the judgment was a substantive change in the original judgment, because the addition of interest increased the indebtedness of the party against whom the judgment had been rendered. Id. at 1316. The facts in Lovell are similar to the facts in the case sub judice. In both cases an amendment to a final judgment was sought which would add judicial interest. Therefore, like in Lovell, the addition of judicial interest to the original judgment was a substantive change in the judgment.
In the instant case, the trial court signed an amended judgment on an ex parte motion from Stevenson's counsel; that amendment to the judgment providing for judicial interest was neither a change of phraseology nor the correction of a calculation. It added to the judgment and directly affected the rights of the parties, thus, it constituted a substantive change in violation of LSA-C.C.P. Art. 1951 and the cases construing it. Gulfco, supra. The amended judgment is an absolute *30 nullity because it included "defects patent on the face of the proceedings." Webster v. Boh Brothers Construction Company, Inc., 603 So.2d 761 (La.App. 4th Cir.1992). Having determined that the amended judgment is void as a matter of law, we next consider the trial court's ruling. The Motion for Appeal
Stevenson had ten days after receipt of the October 12, 1992 judgment to file an appeal. Myles v. Turner, 612 So.2d 32 (La.1993); LSA-C.C.P. Art. 5002 A. Stevenson's attorney admitted that this period had expired. Stevenson also had three days to file a motion for a new trial. LSA-C.C.P. Art. 4907 A. Stevenson's attorney admitted that he had received the October 12, 1992 judgment within several days of its issuance. No other motion was filed between the day the judgment was rendered on October 12, 1992 and the day the motion to amend the judgment was filed on November 5, 1992. Thus, the three day delay to file for a new trial expired. Because neither the option of a motion for a new trial or a timely appeal has been exercised, no valid change in the substance of the judgment can be effectuated.
Stevenson's argument that her appeal delays began to run from entry of the amended judgment and not from the original judgment is without merit. The amended judgment in this case, as an absolute nullity, cannot extend the delay for her appeal, because it is deemed to have never been rendered. Woodson Construction Co. v. R.L. Abshire Construction, Inc., 459 So.2d 566, 571 (La. App. 3d Cir.1984). Having failed to timely appeal from entry of the judgment dated October 12, 1992, the trial court correctly denied Stevenson's motion for appeal.
Accordingly, we affirm the trial court's denial of the appellant's motion for appeal. Costs of the appeal are assessed against Stevenson.
AFFIRMED.