CARTER, Judge,
concurring in part and dissenting in part.
I disagree with the majority opinion and would reverse the judgment of the trial court and reinstate the September 13, 1995 judgment. Although I agree with the majority that this case should be remanded, I would limit the remand to order that a Qualified Domestic Relations Order be filed with input from both parties so as not to conflict with the September 13,1995 judgment.
I respectfully submit that a party’s motion for new trial is effectively waived or abandoned when, on the party’s motion, an order of appeal is entered. Grant v. Federal Land Bank, 586 So.2d 685, 688 (La.App. 2nd Cir. *1139 1991). Under this scenario, the trial court’s jurisdiction over all matters reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order for devolutive appeal. LSA-C.C.P. art. 2088; Grant v. Federal Land Bank, 586 So.2d at 688.
It is hornbook law that appeals are favored and under the provisions of LSA-C.C.P. art. 2164, an appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The purpose of this article is to give an appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed upon by the court below. Wheeler v. Kelley, 28,379, pp. 3-4 (La.App. 2nd Cir. 11/7/95); 663 So.2d 559, 561, writ denied, 95-2721 (La.11/9/95); 664 So.2d 404.
I conclude that appellant’s post-judgment motion for new trial was waived or abandoned when, on his motion, the order of appeal was entered on November 8, 1996. I further note that Mr. Wicker’s motion and order for appeal specifies the October 22, 1996 judgment granting a new trial as the judgment being appealed. However, since appellant’s motion for new trial was abandoned with the granting of his devolutive appeal, in the interest of justice, we should examine the record on appeal for any error committed by the trial court in amending the September 13, 1995 judgment with the ^November 17, 1995 judgment. I am aware that Acts 1997, No. 1056 amended LSA-C.C.P. arts. 2087 and 2123 to provide that an order of devolutive or suspensive appeal is premature if granted before the court disposes of all timely filed motions for new trial. However, in the instant case, it was the same party who filed the motion for new trial and the motion for appeal. Under this scenario, the party’s previously filed motion for new trial is deemed waived, rather than rendering the appeal premature. As a practical matter, the status of the application for new trial is irrelevant, if the party filing the appeal is the same party that filed the motion for new trial. A party has a right to abandon their own motion.
LSA-C.C.P. art. 1951 provides that a final judgment may be amended by the trial court at any time on its own motion or pursuant to the motion of any party to alter the phraseology, but not the substance, of a judgment; or to correct errors in calculation. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). However, when an amendment to a judgment adds to, subtracts from, or in any way affects the substance of the judgment, such judgment may not be amended under LSA-C.C.P. art. 1951.
An amendment which changes the amount due has been held to be an alteration of the judgment’s substance and not a correction of errors of calculation. Texas Bank of Beaumont v. Bozorg, 496 So.2d 1215, 1217 (La. App. 5th Cir.1986). See also Lovell v. Lovell, 545 So.2d 1314, 1317 (La.App. 1st Cir.1989); Pringle Associated Mortagage Corporation v. Cox, 234 So.2d 854, 857 (La.App. 1st Cir.1970), affirmed, 258 La. 499, 246 So.2d 841 (1971).
In the case sub judice, the amendment changed the date interest was due, thus it changed, the amount of the judgment. This is a substantive change prohibited by article 1951. The usual remedy applied by an appellate court which finds an amendment made by ex parte motion as to substance of a judgment is to annul and set aside the amending judgment and reinstate the original judgment. Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309, p. 7 (La.App. 5th Cir. 10/16/96); 683 So.2d 836, 839. See also Creel v. Bogalusa Community Medical Center, 580 So.2d 551, 552 (La.App. 1st Cir.), writ denied, 585 So.2d 567 (1991). I would set aside the amended judgment of November 17, 1995, and reinstate the judgment of September 13,1995.
Therefore, I am of the opinion that the appeal should be maintained and this court should set aside the November 17,1995 judgment of the trial court and reinstate the September 13, 1995 judgment of the trial court and order a new Qualified Domestic Relations Order be filed with input from both *1140 parties so as not to conflict with the September 13,1995 judgment.