KUHN, J.
 

 | gPlaintiff, Lillian P. Lyons, appeals a judgment that sustained an exception, raising the objection of no cause of action, and dismissed her personal injury claims with prejudice on the basis of immunity. The trial court found the immunity afforded under the Louisiana Homeland Security and Emergency Assistance and Disaster Act (“the Act”), Louisiana Revised Statutes 29:721
 
 et seq.,
 
 protected defendant, the State of Louisiana, through the Department of Social Services (“the State”), from liability for “injury to persons” as a result of “emergency preparedness activities.” La. R.S. 29:735 A(l). We affirm.
 

 I. PROCEDURAL AND FACTUAL BACKGROUND
 

 According to the allegations of Lyons’ petition and supplemental and amending petitions, the State and other defendants, the Terrebonne Parish Consolidated Government and the Terrebonne Children’s Advocacy Center, had custody and control of a building and parking lot (formerly operated as Kirshmans), which they designated as a location to provide disaster assistance to the public during the aftermath of Hurricane Gustav. The petition further alleged in pertinent part, as follows:
 

 3.a.
 

 At all material times herein ..., Ter-rebonne Children’s Advocacy Center was the owner of the building and parking lot [in question]....
 

 3.b.
 

 At all material times herein ..., Ter-rebonne Consolidated Government and the State of Louisiana, Department of Social Services, were directing the application process for obtaining disaster assistance in the building and parking lot....
 

 _⅛4-
 

 On or about September 11, 2008, petition was attempting to obtain disaster assistance, while waiting in the parking lot of said building location, when suddenly petitioner slipped and fell on the concrete area[.]
 

 5.
 

 The concrete area where petition was required to stand had a layer of algae that had formed onto the wet concrete.
 

 6.
 

 The sole and proximate cause of [Lyons’] accident [and injuries] was the negligence of the defendants, which is attributed to, but not limited to, the following:
 

 a) Failure to maintain a safe public area;
 

 b) Failure to guard against hazards that were foreseeable when an area is exposed to wet and slippery areas;
 

 c) Failure to provide adequate lighting; and
 

 
 *1182
 
 d) Any and all other acts of negligence which may be proven at trial....
 

 In response, the State filed a peremptory exception, urging the objection of no cause of action, premised on the immunity afforded by the Act to the State while it was engaged in “emergency preparedness activities” pursuant to La. R.S. 29:735 A(l).
 
 [1]
 

 |4On June 2, 2010, the trial court signed a judgment, sustaining the State’s exception and dismissing Lyons’ claims against the State. In reasons for judgment, the trial court found, in pertinent part, as follows:
 

 According to [the State], it is not liable for the death of or any injury to persons or damage to property as a result of “emergency preparedness” activities, a term defined by law to include the activity in which [the State] was engaged when [Lyons] was injured.... [T]he immunity provisions of La. R.S. 29:735 were in effect on September 11, 2008, as a result of the effects of Hurricane Gustav because the Governor, as a necessary prerequisite in accordance with La. R.S. 29:724,[
 
 2
 
 ] declared a state of disaster or emergency on August 27, 2008....
 

 [[Image here]]
 

 [ JLyons] correctly points out that for the purpose of determining the validity of an exception of no cause of action, the court is required to accept the allegations of the plaintiffs petition as true and to determine whether on the face of the petition the plaintiff is legally entitled to the relief sought. Ordinarily, the merits of an affirmative defense such as immunity are not to be considered when ruling on the validity of the exception .... [W]hen an exception of no cause of action is based on an affirmative defense, the exception must be overruled
 
 unless
 
 the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based.
 
 Owens v. Martin,
 
 449
 
 *1183
 
 So.2d 448 (La.1984). See also
 
 Kyle v. Civil Service Commission,
 
 588 [595] So.2d 654 (La.1992).
 

 The court has carefully scrutinized [Lyons’] petition in this case in light of the exception of no cause of action asserted by [the State] based on the affirmative defense of immunity. The court is compelled to maintain the exception because every reasonable hypothesis of liability gleaned by the court from the petition brings [Lyons’] claims within the scope of the immunity provisions of La. R.S. 29:785.
 

 Lyons has appealed, urging that the trial court erred in dismissing her claims based on the provisions of La. R.S. 29:735. Lyons submits that if the matter had been “treated as a summary judgment, the evidence would demonstrate that the underlying defect in the premises predated her accident and that under the facts of this case,” the State’s affirmative defense would not apply.
 

 II. ANALYSIS
 

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant under the factual allegations of the petition.
 
 Cleco Corp. v. Johnson,
 
 01-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading.
 
 Hoag v. State,
 
 04-0857, p. 9 (La.12/1/04), 889 So.2d 1019, 1025.
 

 |fiNo evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings.
 
 City of New Orleans v. Board of Directors of Louisiana State Museum,
 
 98-1170, p. 10 (La.3/2/99), 739 So.2d 748, 756.
 

 The Act was enacted because of the existing possibility of the occurrence of emergencies and disasters resulting from natural or manmade causes. It created and designated the Governor’s Office of Homeland Security and Emergency Preparedness as the state homeland security and emergency preparedness agency to respond to these events. La. R.S. 29:722 A(l). The Act governs the State’s response to these emergencies and authorizes and provides for cooperation in disaster response. La. R.S. 29:722 A(7). Paragraph 2 of Section 723 identifying “disasters]” that trigger application of the Act specifically includes hurricanes as disasters.
 
 See Castille v. Lafayette City-Parish Consol. Gov’t,
 
 04-1569, p. 3 (La. App. 3d Cir. 3/2/05), 896 So.2d 1261, 1263,
 
 writ denied,
 
 05-0860 (La.5/13/05), 902 So.2d 1029. Louisiana Revised Statutes 29:735 A(l) further provides immunity from liability to the State, its political subdivisions, and other agencies engaged in emergency preparedness activities pursuant to the Act. “Emergency preparedness” means “the mitigation of, preparation for, response to, and the |7recovery from emergencies or disasters.” La. R.S. 29:723(4). “Emergency preparedness” is synonymous with “civil defense,” “emergency management,” and other related programs.
 
 Id.
 
 “Disaster” means “the result of a natural or man-made event which
 
 *1184
 
 causes loss of life, injury, and property damage, including but not limited to natural disasters such as hurricane, tornado, storm, flood, high winds, and other weather related event....” La. R.S. 29:723(2). “Emergency” means “[t]he actual or threatened condition which has been or may be created by a disaster” or “[a]ny national or state emergency....” La. R.S. 29:723(3)(a) and (3)(b)(iii).
 

 Pursuant to the Act, Governor Bobby Jindal issued Proclamation No. 51 BJ 2008, dated August 27, 2008, which declared that a state of emergency existed in the state of Louisiana as a result of Hurricane Gustav. The state of emergency and the results of the disaster extended through the date of Lyons’ alleged accident.
 
 [3]
 
 According to the allegations of Lyons’ petition, the State was “directing the application process for obtaining disaster assistance in the [subject] building and parking lot,” where Lyons encountered the slippery surface that caused her to fall, and as Lyons was “attempting to obtain disaster assistance while waiting in the parking lot.” Thus, the allegations of the petition, when accepted as true, establish that the State was engaged in its post-Hurricane Gustav disaster assistance response efforts when Lyons’ injuries occurred. Pursuant to the provisions of the Act, the State is not liable for any injury sustained by Lyons while engaged in such emergency preparedness activity pursuant to the Act. La. R.S. 29:735. This immunity statute does not contain any qualification limiting the State’s immunity |sin the event that an injury is caused by a condition that predated the date of injury or the state of emergency. Thus, based on the allegations of the petition, whether the algae (or any other condition that may have caused Lyons to slip) existed prior to the date of Lyons’ accident or prior to August 27, 2008, is irrelevant to determining whether Lyons has stated a cause of action against the State. Because the affirmative defense, which establishes the State’s immunity, appears clearly on the face of the petition, the trial court properly sustained the State’s exception raising the objection of no cause of action and dismissed Lyons’ claims against the State.
 

 In reaching our decision, we have also considered whether the trial court should have afforded Lyons the opportunity to amend her petition for a third time. Because the grounds of the objection raised though the State’s exception cannot be removed, the trial court properly dismissed Lyons’ claims without affording her an opportunity to amend. La. C.C.P. art. 934.
 

 III. CONCLUSION
 

 For these reasons, the trial court’s June 2, 2010 judgment is affirmed. Appeal costs are assessed against Lyons.
 

 AFFIRMED.
 

 [1]
 

 . Louisiana Revised Statutes 29:735 A(l) provides:
 

 Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents’ employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.
 

 [2]
 

 . Louisiana Revised Statutes 29:724 provides, in pertinent part:
 

 A.The governor is responsible for meeting the dangers to the state and people presented by emergencies or disasters, and in order to effectuate the provisions of this Chapter, the governor may issue executive orders, proclamations, and regulations and amend or rescind them. Executive orders, proclamations, and regulations so issued shall have the force and effect of law.
 

 B. (1) A disaster or emergency, or both, shall be declared by executive order or proclamation of the governor if he finds that a disaster or emergency has occurred or the threat thereof is imminent....
 

 [[Image here]]
 

 C. The declaration of an emergency or disaster by the governor shall:
 

 (1) Activate the state’s emergency response and recovery program under the command of the director of the Governor's Office of Homeland Security and Emergency Preparedness.
 

 [[Image here]]
 

 D. In addition to any other powers conferred upon the governor by law, he may do any or all of the following:
 

 [[Image here]]
 

 (2) Utilize all available resources of the state government and of each political subdivision of the state as reasonably necessary to cope with the disaster or emergency.
 

 (3) Transfer the direction, personnel, or functions of state departments and agencies or units thereof for the purpose of performing or facilitating emergency services.
 

 [3]
 

 . Section 3 of the Governor's Proclamation provided, "The state of emergency extends from August 27, 2008 through September 26, 2008, unless terminated sooner."