STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1692

JAMES W. BAKER

VERSUS

DANIELLE PERRET

Judgment Rendered: NOV 0 4 2021

********

Appealed from the 22nd Judicial District Court
In and for the Parish of Washington
State of Louisiana
Case No. 108030

WIL by CHH

The Honorable Dawn Amacker, Judge Presiding

********

Nisha Sandhu
Covington, Louisiana
and
John Allen
Franklinton, Louisiana

Counsel for Plaintiff/Appellant
James W. Baker

Elizabeth O. Rome
Metairie, Louisiana
and
Erin A. Fisher
Metairie, Louisiana

Counsel for Defendant/Appellee
Danielle Perret

********

BEFORE: HOLDRIDGE, LANIER, AND HESTER, JJ.

Holdridge J. dissents w/ Reasons
Hester J. concurs with reasons

**LANIER, J.**

This appeal arises from an initial setting of custody wherein the trial court found that plaintiff/father, James W. Baker, was a perpetrator of family violence under the Post-Separation Family Violence Relief Act. Mr. Baker challenges the trial court's June 28, 2019 judgment that ordered him to pay $15,272.72 in attorney fees and costs associated with the litigation to defendant/mother, Danielle Perret.[1] For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

This case involves the custody of the two minor children of Mr. Baker and Ms. Perret—C.B., born May 1, 2013, and A.B., born November 25, 2014. Following a two-day hearing in March 2017, the trial court signed a judgment on June 23, 2017, which, among other things, granted Ms. Perret sole custody of the children and granted Mr. Baker supervised visitation after enrollment and participation in a 26-week program pursuant to the Post-Separation Family Violence Relief Act ("PSFVRA"), La. R.S. 9:361, *et seq.*[2] The June 23, 2017 judgment also included an order for attorney fees, as follows:

> **IT IS FURTHER ORDERED ADJUDGED AND DECREED** that the entirety of Ms. Perret's attorney's fees be paid by Mr. Baker.
>
> . . . .
>
> **IT IS FURTHER ORDERED ADJUDGED AND DECREED** that Mr. Baker shall reimburse Ms. Perret for any and all attorney's fees, court cost, and all other expenses she incurred associated with this litigation, which include any and all cost and fees Ms. Perret incurred since the initial filing by Mr. Baker.

In **Baker v. Perret**, 2018-0812 (La. App. 1 Cir. 12/28/18), 304 So.3d 860 (**Baker I**), another panel of this court dismissed Mr. Baker's appeal of the June 23, 2017

---

[1] The judgment was subsequently amended by the trial court on September 23, 2021. However, the substance of the judgment remained unchanged.

[2] According to the record, there were also custody issues related to Ms. Perret's third child, C.A.B., who was not Mr. Baker's biological child. However, these issues were resolved prior to the start of the custody hearing in March 2017 and were not part of the June 23, 2017 judgment.

2

judgment, based on a lack of subject matter jurisdiction. Citing **Advanced Leveling & Concrete Solutions v. The Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1047 (en banc), this court in **Baker I** held that "[t]he indefinite award of attorney fees render[ed] the entire judgment non-appealable." **Baker**, 304 So.3d at 861.

On remand to the trial court, the parties appeared before the trial court on May 17, 2019, to address the issue of attorney fees. After hearing from the witnesses and considering the documentary evidence introduced, the trial court made the following finding:

> I appreciate the testimony and the documents that came into evidence. I've taken them all into consideration in finding that the original order certainly applied to all attorney's fees, court costs and any other expenses associated with this litigation, and that's because of the finding that Mr. Baker was a perpetrator of family violence. And the Court does find that the amount of $15,275.72 is a reasonable attorney's fee. I know that he has billed you far in excess of that, ma'am, but the Court finds that that is the reasonable attorney fee that was incurred in connection with this matter ... and should be paid. Because of the domestic violence, I am going to order therefore that that amount be made executory ... in favor of Ms. Perret and against Mr. Baker in that total amount and that those attorney's fees be paid within 60 days hereof to Ms. Perret in full by Mr. Baker. And that is the ruling of the Court.

The trial court signed a judgment on June 28, 2019, in accordance with these findings. This appeal by Mr. Baker followed, wherein he assigned the following specifications of error:

> 1. The evidence was insufficient to support a finding by clear and convincing evidence, of sole custody in favor of [Ms.] Perret, where the totality of circumstances demonstrated that she is a threat to herself and to her children.
>
> 2. Appellant's due process rights were violated, as the [PSFVRA] was never specifically pled.
>
> 3. The award of attorney's fees was granted in error.

3

## DISCUSSION

At the outset, we note that before addressing the merits of this appeal, we have the duty to examine subject matter jurisdiction *sua sponte*, even though the parties do not raise the issue. **Noyel v. City of St. Gabriel**, 2015-1890 (La. App. 1 Cir. 9/1/16), 202 So.3d 1139, 1142, writ denied, 2016-1745 (La. 11/29/16), 213 So.3d 392. Louisiana Code of Civil Procedure article 2088 provides that the trial court's jurisdiction is divested and that of the appellate court attaches "on the granting of the order of appeal[.]" A party wishing to appeal an adverse judgment must obtain an order of appeal. There can be no appeal absent an order of appeal because the order is jurisdictional; this lack of jurisdiction can be noticed by the court on its own motion at any time. **Noyel**, 202 So.3d at 1142.

In the case before us now, the motion and order for appeal filed by Mr. Baker refers only to the June 28, 2019 judgment concerning the award of attorney fees and litigation costs in favor of Ms. Perret. Although Mr. Baker's first assignment of error on appeal concerns the trial court's award of sole custody of the parties' two minor children to Ms. Perret, there is no motion and order referencing the June 23, 2017 judgment in the instant appeal. Thus, we are unable at this time to consider the merits of that issue as it is not before us in this appeal. As previously discussed, this court dismissed Mr. Baker's appeal of the June 23, 2017 judgment concerning the custody of the minor children and other related matters, finding that the judgment was not a final appealable judgment. See **Baker I**. Accordingly, the only issues before us now are whether Mr. Baker's due process rights were violated because the PSFVRA was not specifically pled and whether the award of attorney fees was granted in error.

The PSFVRA was designed to protect a child's interest by restricting the rights of an abusing parent in families with a history of family violence. **Michelli v. Michelli**, 93-2128 (La. App. 1 Cir. 5/5/95), 655 So. 2d 1342, 1346. The statute

4

creates a presumption that "no parent who has a history of perpetrating family violence" shall be awarded sole or joint custody of the children. La. R.S. 9:364(A). Moreover, if the court finds that a parent has a history of perpetrating family violence, the court shall allow only supervised child visitation with that parent. La. R.S. 9:364(E). "Family violence" is defined in the PSFVRA as including, but not limited to, "physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injuring and defamation, committed by one parent against the other parent or against any of the children." La. R.S. 9:362(4).

This court has found that the provisions of the PSFVRA become operative if the court finds that there has been family violence and that there is a history of family violence. **Michelli**, 655 So.2d at 1346. Further, the PSFVRA only requires evidence of past events of family violence and does not require that the events be frequent or continuous. *Id.*, at 1349. Neither the provisions of the PSFVRA nor jurisprudence requires that relief under the PSFVRA be specifically pleaded, where the allegations of abuse have been raised in the pleading or tried by the express or implied consent of the parties. See **Nettles v. Nettles**, 2013-1164 (La. App. 1 Cir. 12/27/13), 2013 WL 6858325, *2, n.2 (unpublished); **Dufresne v. Dufresne**, 2008-215 (La. App. 5 Cir. 9/16/08), 992 So.2d 579, 585-587, writ denied, 2008-2843 (La. 12/17/08), 996 So.2d 1123.

In the present case, Mr. Baker argues that he was denied due process by Ms. Perret's failure to specifically plead for relief under the PSFVRA. He further asserts that the PSFVRA "was incorrectly and improperly applied" and "used instead to ambush" him in this matter. Finally, Mr. Baker contends that because the PSFVRA should not have been applied in these proceedings, the award of

5

attorney fees was improperly assessed and should be vacated.[3] In response, Ms. Perret notes that Mr. Baker failed to preserve this due process argument for appellate review because it was neither raised nor objected to at the trial below.

We note the following findings in the trial court's oral reasons for judgment concerning the applicability of the PSFVRA to this case:

> This is an initial setting of custody between parents of two very young children. I have been involved in this case for quite some time. It's been an extremely high-conflict case. It's involved many different proceedings -- protective order proceedings, civil custody proceedings, many things, many hearings. I've heard testimony and, and many occasions, from your clients and from witnesses on their behalf ....
>
> I have been hearing for a long time in this case about domestic violence. It is clear that Mr. Baker is a perpetrator of domestic violence. ... And it is clear to this court beyond any doubt that he has done so against Ms. Perret, and on more than one occasion, and serious domestic violence. ... Because of his ... long history of domestic violence, which to this day Mr. Baker denies that he's ever done one thing ... [b]ecause he continues to be in denial about that, the Court is making a finding that ... he qualif[ies] as a perpetrator of domestic violence under the [PSFVRA].

The record before us clearly shows that allegations of family violence were at issue throughout the proceedings in this case. In Ms. Perret's Answer and Reconventional Demand, while she did not specifically ask for relief under the PSFVRA, she did specifically allege a history of family violence as a ground for seeking sole custody of the minor children. Ms. Perret alleged as follows:

> 6.
> The Defendant-in-Reconvention has an extensive history of physically abusing the Petitioner. In the latest incident, which just occurred in early 2015, the Defendant-in-Reconvention pulled your Petitioner across the concrete driveway by pulling her by hair. He went on a vicious assault on the Petitioner, kicking, punching, and straggling [sic] the Petitioner. The Defendant-in-Reconvention habitually assaulted the Petitioner in a manner described above.

---

[3] Mr. Baker does not challenge the amount of attorney fees awarded by the trial court in the June 28, 2019 judgment, nor the manner in which they were calculated.

6

7.

The Defendant-in-Reconvention has an extensive history of abusing the children. On several occasions, the Department [of] Children and Family Services conducted investigations regarding the Defendant-in-Reconvention abusing and neglecting his children. The Department of Children and Family Services found the allegations of the Defendant-in-Reconvention to be valid.

Mr. Baker was clearly put on notice that family violence was an issue in this proceeding, and the trial court specifically found a history of family violence. Moreover, testimony and evidence regarding that violence was presented at trial without objection. **Dufresne**, 992 So.2d at 587.

An appellate court is required to give great deference to the factual conclusions of the trial court that are based on reasonable evaluations of credibility and inferences of fact. **Kirsch v. Kirsch**, 2015-0281 (La. App. 1 Cir. 7/29/15), 180 So.3d 417, 422, writ denied, 2015-1626 (La. 9/18/15), 178 So.3d 153. Based on our review of the record and given the deference owed to the trial court in its factual findings below, we find that the trial court's determination that the PSFVRA is applicable herein was reasonably supported by the testimony and evidence. Accordingly, we find that trial court's award of $15,272.72 in attorney fees pursuant to the PSFVRA was not granted in error, and we affirm the trial court's judgment.

## DECREE

For the above and foregoing reasons, we affirm the judgment of the trial court and assess all costs associated with this appeal against James W. Baker.

**AFFIRMED.**

JAMES W. BAKER

VERSUS

DANIELLE PERRET

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1692



**HOLDRIDGE, J., dissenting.**

I respectfully dissent. The majority is correct that normally an appeal would arise from both a judgment on the merits and from a subsequent judgment awarding attorney fees. See Brandner v. Molonguet, 2014-0712 (La. App. 1 Cir. 12/23/14), 2014 WL 7332206, at *4 n.4 (unpublished); Williams v. Ferry Holding, LLC, 2012-1073 (La. App. 1 Cir. 2/15/13), 2013 WL 596145, at *2-3 (unpublished), writ denied, 2013-0825 (La. 5/24/13), 117 So.3d 511. However, in this case, a panel of the First Circuit held that the June 23, 2017 judgment determining the custody issue was not a final judgment and was not appealable. See Baker v. Perret, 2018-0812 (La. App. 1 Cir. 12/28/18), 304 So.3d 860, 861. Therefore, the September 23, 2021 amended judgment, which awarded and set the amount of attorney's fees, is the only final judgment because the trial court failed to render one, appealable, final judgment on custody and attorney's fees after this matter was remanded to the trial court in accordance with La. C.C.P. art. 1918.

This Court determined in Baker v. Perret, *supra*, that the June 23, 2017 judgment was an interlocutory judgment since it was not a final appealable judgment. Therefore, in the appeal of the September 23, 2021, amended final judgment, the appellant is allowed to seek appellate review of any adverse interlocutory judgment. See Landry v. Leonard J. Chabert Medical Center, 2002-1559 (La. App. 1 Cir. 5/14/03), 858 So.2d 454, 461 n.4, writs denied, 2003-1748, 2003-1752 (La. 10/17/03), 855 So.2d 761 (when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory

judgments prejudicial to him, in addition to the review of the final judgment.) Because appeals are favored, we should not deprive the appellant of an opportunity to review both the interlocutory judgment on custody, as well as the final judgment on attorney's fees, without any statutory or jurisprudential basis. We cannot now hold that the custody judgment was an appealable judgment after this Court held that it was an interlocutory judgment. See Baker v. Perret, *supra*. Since the June 23, 2017 judgment was not a final judgment, but an interlocutory judgment, it is reviewable on appeal of the September 23, 2021 amended judgment, which is the only final judgment in this case. Therefore, this Court, in accordance with its prior jurisprudence, should review both the September 23, 2021, amended final judgment, as well as the June 23, 2017 interlocutory judgment awarding custody.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1692

JAMES W. BAKER

VERSUS

DANIELLE PERRET

CHH

**HESTER, J. concurs.**

While I agree with the majority opinion, I write separately to point out that this court remanded this matter under newly revised La. Code Civ. P. art 1918(A) for the limited purpose of instructing the trial court to sign an amended judgment addressing deficiencies in the June 28, 2019 judgment on appeal. On remand, this court noted that the June 28, 2019 judgment setting forth attorney fees did not reference nor adopt the rulings of the June 23, 2017 judgment (which addressed custody). However, the September 23, 2021 amended judgment signed by the trial court in response to our remand again addressed attorney fees only, did not reference or adopt the June 23, 2017 custody judgment, and, as pointed out by the majority, was substantively the same as the June 28, 2019 judgment. Accordingly, I agree with the majority that we are unable to consider the merits of the June 23, 2017 judgment.