STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2021 CA 0157

HILL INTERNATIONAL, INC.

VERSUS

JTS REALTY CORPORATION, PERKINS ROWE ASSOCIATES, LLC, AND PERKINS ROWE ASSOCIATES II, LLC

JUDGMENT RENDERED: ___DEC 3 0 2021___

* * * * * * *

Appealed from
The Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number 591,590 • Section 27

The Honorable Trudy White, Presiding Judge

* * * * * * *

Justin M. O'Brien
Brad M. Barback
Baton Rouge, Louisiana

COUNSEL FOR APPELLANT 1
DEFENDANT—Lawrence R.
"Randy" Spinosa, Trustee of the
Spinosa Class Trust


James Moore
Brian L. McCullough
Baton Rouge, Louisiana

COUNSEL FOR APPELLANTS 2
DEFENDANTS—JTS Realty
Corporation; JTS Realty Services,
LLC; JTS Management Company,
LLC; Perkins Rowe Associates,
LLC; Perkins Rowe Associates II,
LLC; and Joseph T. "Tommy"
Spinosa


David M. Moragas
Mandeville, Louisiana
    *and*
John Lynd, *pro hac vice*
Houston, Texas

COUNSEL FOR APPELLEE
PLAINTIFF—Hill International,
Inc.


* * * * * * *

BEFORE: MCCLENDON, WELCH, AND THERIOT, JJ.

**WELCH, J.**

In this construction contract dispute, the defendants appeal a judgment rendered after a one-day bench trial that awarded the plaintiff damages and reasonable attorney's fees to be decided at a later date. The defendants also appeal a judgment rendered following a hearing that awarded the plaintiff attorney's fees. We remand.

## FACTS AND PROCEDURAL HISTORY

This lawsuit arises out of conflicts concerning the construction of the Perkins Rowe mixed-use development in Baton Rouge, Louisiana. On May 31, 2006, Perkins Rowe Associates, LLC ("PRA") contracted with EMJ Corporation ("EMJ") to perform work on the Perkins Rowe project.[1] For certain reasons, including alleged irregularities with costs associated with the work performed by EMJ, the contract between PRA and EMJ was terminated. Subsequently, EMJ sued PRA and Perkins Rowe Associates II, LLC ("PRAII") (collectively, the "PRA entities").

To defend the EMJ lawsuit, Joseph T. "Tommy" Spinosa—the manager, a member, and an owner of the PRA entities—approached Hill International, Inc. ("Hill") around September 2008 to conduct an in-depth audit of the costs as recorded and billed by EMJ. On October 6, 2008, Hill executed its "Standard Form Agreement for Claims and Consulting Services" (the "contract"). The contract identified JTS Realty Corporation as the "Client." Hill sent the contract to Tommy Spinosa, who is also the corporate representative and manager of JTS Realty Corporation, for execution. Prior to execution, PRA and PRAII were typed above Tommy Spinosa's signature line, with both identified as "Client"; however, the "Client" designation was not correspondingly adjusted in the body of the contract. Tommy Spinosa signed the contract, which was returned to Hill on

---

[1] EMJ contracted with PRA to perform general contractor site work on the Perkins Rowe project to complete Block G, the Cinemark Movie Theater.

October 22, 2008.

Between November 2008 and October 2009, Hill provided professional services pursuant to the contract and incurred reimbursable fees and expenses. Hill billed "JTS Realty" on a monthly basis. Hill was paid $199,480.06 for its services provided under the contract, leaving a total of $408,587.35 in unpaid invoices. Hill suspended its services and made amicable demand for payment in the amount of $402,839.80. After receiving Hill's demand, Tommy Spinosa allegedly acknowledged the debt was due and owing; however, the amounts remained unpaid.

Hill filed suit against the PRA entities and JTS Realty Corporation, seeking damages under Louisiana's Open Account Statute, La. R.S. 9:2781, for its expert consulting services in the amount of $408,587.35, plus attorney's fees, costs, and interest.

Hill amended its original petition, alleging that the PRA entities and JTS Realty Corporation were engaged in a single business enterprise or were alter egos of each other. Hill further pled breach of contract, *quantum meruit*, promissory estoppel, requested attorney's fees, and sought declaratory judgment.

Hill filed a second amended petition, additionally naming JTS Realty Services, LLC; JTS Management Company, LLC; and JTS Interests, LLC as defendants. Hill alleged these companies were also engaged in a single business enterprise/alter ego along with the PRA entities and JTS Realty Corporation.

Thereafter, Hill filed a third amended petition, removing JTS Interests, LLC as a defendant and naming Tommy Spinosa and the Spinosa Class Trust—represented by trustee Lawrence R. "Randy" Spinosa—as defendants. Hill alleged that Tommy Spinosa and the Trust were also engaged in a single business enterprise/alter ego along with the PRA entities and what we refer to collectively as the "JTS entities"—JTS Realty Corporation, JTS Realty Services, and JTS

3

Management Company.

Ultimately, the trial court held a one-day bench trial on September 3, 2019. Thereafter, the trial court rendered judgment on October 13, 2019, awarding Hill $1,063,265.68 in actual damages against the defendants, plus pre-judgment contractual interest that continues to accrue on Hill's unpaid invoices in the amount of $5,742.83 per month from September 1, 2019 until entry of this judgment; declaring that all defendants were solidarily liable under the single business enterprise/alter ego theory; awarding Hill post-judgment interest as allowed by law; and awarding Hill reasonable attorney's fees "in an amount to be hereafter determined." Following a hearing on Hill's motion to set the amount of the attorney's fees, the trial court rendered judgment on August 17, 2020, awarding Hill $390,000.00 in attorney's fees and costs against all defendants.

The defendants now appeal. Lawrence Spinosa, in his capacity as trustee of the Spinosa Class Trust, filed a motion with this court to substitute the successor trustee, Glen R. Jarrell, in his place as appellant in the instant appeal.[2] The PRA entities, JTS entities, and Tommy Spinosa have also filed an answer to the appeal.

## APPELLATE JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.**, 2011-0520, 2011-0521, 2011-0522, 2011-0523 (La. App. 1st Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. Our appellate jurisdiction extends to final judgments. See La. C.C.P. arts. 1841, 2081, and 2083(A); **Quality Envtl. Processes, Inc. v. Energy Dev. Corp.**, 2016-0171, 2016-0172 (La. App. 1st Cir. 4/12/17), 218 So.3d 1045, 1053. A valid final judgment must be precise, definite, and certain. **Laird v. St. Tammany Par. Safe Harbor**, 2002-0045 (La. App. 1st Cir. 12/20/02), 836

---

[2] This court referred the motion to the panel to which the appeal is assigned. **Hill International, Inc. v. JTS Realty Corporation**, 2021-0157 (La. App. 1st Cir. 4/22/21) (unpublished action).

4

So.2d 364, 365. The specific nature and amount of damages must be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). A judgment that awards "reasonable attorney's fees" but does not specify the amount is not a final judgment because the exact amount of attorney's fees cannot be determined from the judgment. **Advanced Leveling**, 268 So.3d at 1046. An indefinite award of attorney's fees renders the entire judgment non-appealable. See, e.g., **D'Luca v. Kirkland**, 2020-0713, 2020-0714 (La. App. 1st Cir. 2/19/21), 321 So.3d 411, 414; **Baker v. Perret**, 2018-0812 (La. App. 1st Cir. 12/28/18), 304 So.3d 860, 861; **Gurney v. McCoy**, 2020-1129 (La. App. 1st Cir. 2/18/21), 2021 WL 640115, at *1 (unpublished). These determinations must be evident from the language of the judgment without reference to other documents in the record. **Laird**, 836 So.2d at 365.

In this matter, however, the October 13, 2019 judgment specifically reserved the award of reasonable attorney's fees to be determined at a later date. The award of reasonable attorney's fees in an indefinite amount did not divest the trial court of jurisdiction to determine, after a hearing, the amount to be awarded as attorney's fees. Louisiana Code of Civil Procedure article 2088[3] simply divests the trial court of jurisdiction over matters that are reviewable on appeal. The issue of the amount of attorney's fees to be awarded to Hill was not the subject of the October 13, 2019 judgment. See **Thibaut v. Thibaut**, 607 So.2d 587, 609-10 (La. App. 1st Cir. 1992), writs denied, 612 So.2d 37, 38, 101 (La. 1993). Thus, **Advanced Leveling**,

---

[3] Although not at issue in this appeal, we note that 2021 La. Acts 259, § 2 (eff. Aug. 1, 2021) amended La. C.C.P. art. 2088. As discussed in Comments--2021(a) to La. C.C.P. art. 2088, the amendment to Subparagraph (A)(10) clarified that the trial court retains jurisdiction for purposes of setting attorney's fees after an appeal has been taken from the initial judgment. Trial courts award reasonable attorney's fees in many judgments, but often these judgments are appealed before the attorney's fees are set. With this amendment, it is no longer necessary for an appellate court to dismiss an appeal in order to allow the trial court to set the amount of the attorney's fees, because the trial court has jurisdiction to set attorney's fees while the appeal is pending.

5

268 So.3d at 1046, is distinguishable in this instance as it relates to the October 13, 2019 judgment.

A final, appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Advanced Leveling**, 268 So.3d at 1046; **Carter v. Williamson Eye Center**, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So.2d 43, 44. In cases with multiple plaintiffs or defendants, the failure to name the plaintiff(s) or defendant(s) for or against whom the judgment is rendered makes the judgment fatally defective because one cannot discern from its face for or against whom it may be enforced. See **Mizell v. Willis**, 2019-0141 (La. App. 1st Cir. 11/15/19), 290 So.3d 247, 250. In the absence of proper decretal language, a judgment is defective, and the appellate court lacks jurisdiction to review the merits. **Boyd Louisiana Racing, Inc. v. Bridges**, 2015-0393, 2015-0394, 2015-0395 (La. App. 1st Cir. 12/23/15), 2015 WL 9435285, at *3-4 (unpublished).

Furthermore, an appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. La. C.C.P. art. 2121; **Noyel v. City of St. Gabriel**, 2015-1890 (La. App. 1st Cir. 9/1/16), 202 So.3d 1139, 1142, writ denied, 2016-1745 (La. 11/29/16), 213 So.3d 392. Unless a party litigant obtains a valid order of appeal duly granted by the trial court, there can be no appeal. See **Noyel**, 202 So.3d at 1142; **Cheramie v. Archer**, 360 So.2d 537, 539 (La. App. 1st Cir. 1978) (citing **Davis v. Funderburk**, 274 So.2d 781, 782 (La. App. 3rd Cir. 1973)). The order of appeal is jurisdictional; this lack of jurisdiction can be noticed by the court on its own motion at any time. **Noyel**, 202 So.3d at 1142.

Two separate motions for appeal were filed with the trial court in this matter. On October 20, 2020, Lawrence R. Spinosa, Trustee of the Spinosa Class Trust,

filed a motion for appeal seeking review of the October 13, 2019 and August 17, 2020 judgments. Likewise, on October 23, 2020, the PRA entities, JTS entities, and Tommy Spinosa filed a motion for appeal also seeking review of the October 13, 2019 and August 17, 2020 judgments.

In response to the two separate motions for appeal, the trial court signed an order of appeal on October 20, 2020, granting Lawrence R. Spinosa, Trustee of the Spinosa Class Trust, an appeal of both the October 13, 2019 and August 17, 2020 judgments. The notice of appeal issued by the Clerk of Court for the 19th Judicial District Court ("Clerk") indicated that Lawrence R. Spinosa was appealing the October 13, 2019 and August 17, 2020 judgments.

Then on October 26, 2020, the trial court signed a second order of appeal granting the PRA entities, JTS entities, and Tommy Spinosa an appeal of *only* the August 17, 2020 judgment. Notably, in the October 26, 2020 order of appeal, the trial court struck through language that referenced the October 13, 2019 judgment. In contravention of the trial court's order of appeal, the notice of appeal issued by the Clerk indicated that the PRA entities, JTS entities, and Tommy Spinosa were appealing the October 13, 2019 and August 17, 2020 judgments.

Based on the trial court's orders of appeal and the Clerk's notices, it is unclear what judgments are on appeal in the instant matter, and likewise, whether the instant appeal is timely. Additionally, the October 13, 2019 judgment does not dismiss any claims, demands, or parties. Similarly, the August 17, 2020 judgment does not dismiss any claims, demands, or parties.

Based on the apparent defect in the respective appeals, this court, *ex proprio motu*, issued an order on March 23, 2021, ordering the parties to show cause by briefs why the appeal should not be dismissed. The parties timely filed their respective show cause briefs, all agreeing that this matter should be remanded to the trial court to correct the deficiencies in the orders of appeal and the non-final

judgments in the event that this court determined that the judgments contained inadequate decretal language and/or lacked finality.

## DECREE

Accordingly, this matter is **REMANDED FOR THE LIMITED PURPOSE** of instructing the trial court to sign an amended final judgment(s) that is precise, definite, and certain and contains proper decretal language. See La. C.C.P. arts. 1918(A),[4] 1951,[5] and 2088(A)(12),[6] as amended by 2021 La. Acts 259, § 2 (eff. Aug. 1, 2021).

This matter is further **REMANDED FOR THE LIMITED PURPOSE** of instructing the trial court to sign an amended order(s) of appeal specifying which party or parties appealed from which judgment(s), with the correct dates of the final judgment(s) included therein. See **Rose v. Twin River Dev., LLC**, 2017-0319 (La. App. 1st Cir. 11/1/17), 233 So.3d 679, 685.

The record herein shall be supplemented with the amended judgment(s) and order(s) of appeal no later than forty-five days following issuance of this opinion.

**REMANDED WITH INSTRUCTIONS.**

---

[4] Comments--2021(a) to La. C.C.P. art. 1918 indicate that a lack of proper decretal language in a judgment that is otherwise a final judgment does not divest the appellate court of jurisdiction. Instead, the final judgment shall be corrected to include proper decretal language by an amendment in accordance with Article 1951.

[5] Comments--2021 to La. C.C.P. art. 1951 indicate that the amendments to Article 1951 and Article 2088 allow the trial court to retain jurisdiction to correct, on its own motion or *after remand* from the appellate court, the lack of proper decretal language in a final judgment. This Article does not allow the court to make a substantive change to a final judgment.

[6] Comments--2021(c) to La. C.C.P. art. 2088 indicate that as of August 1, 2021, subparagraph (A)(12) of Article 2088 allows a trial court to retain jurisdiction after an order of appeal is granted to amend a final judgment to correct any deficiencies in the decretal language.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0157


HILL INTERNATIONAL, INC.

VERSUS

JTS REALTY CORPORATION, PERKINS ROWE ASSOCIATES, LLC, AND
PERKINS ROWE ASSOCIATES II, LLC


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

$PM_c$ $by$ $JEW$

**McClendon, J., concurs.**

While I disagree with the majority's conclusion that the October 13, 2019 and

August 17, 2020 judgments lack appropriate decretal language, given the uncertainty of

which judgments are before us on appeal, I concur in the result reached by the

majority.